■ ELIAS HARTMAN, Respondent, v AMERICAN EXPRESS CO., INC., Appellant.—In an action to recover damages for slander, defendant appeals from an order of the Supreme Court, Queens County, dated November 3, 1976, which denied its motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, motion granted, and amended complaint dismissed. Until it expired in June of 1971, plaintiff Hartman was the holder of an American Express credit card. Before the expiration date, defendant sent a renewal card to him, which the plaintiff never received. It later developed that it was stolen from plaintiff's mailbox and used extensively by the thief. In due course the thief was apprehended, tried and convicted. Subsequent to the theft, plaintiff was harassed by several automobile agencies for payment of bills incurred on the strength of the credit card. Allegations in the amended complaint state that "the defendant, its servants, agents and employees" slandered the plaintiff by false and defamatory accusations. Plaintiff was examined before trial by the defendant. The

following questions and answers appear in the transcript of the EBT: "Q. Did anyone from American Express ever say that you were a crook? A. Nobody at American Express said that I was a crook. Q. Did anybody from Amercian Express ever say that you were a deadbeat? A. No. Q. Did anybody from American Express ever say that you were a cheat and dishonest? A. No. Q. Did anyone from American Express ever say that you maliciously incurred debts with no intention of repaying them? A. No, sir." The alleged defamatory words, if spoken, and by whomsoever spoken, are not slanderous per se (see *Klein v McGauley,* 29 AD2d 418). Nor did plaintiff, in any manner, connect the defendant with the words allegedly uttered. No facts, but merely conclusory statements, appear in the amended complaint to indicate that the defamers were agents of the American Express Company, or that it acknowledged, approved, controlled or was in any way responsible for the utterances. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.